**No. 45214.**—Protest 979080–G/88358 of American Shipping Co. (Chicago).

Keefe, Judge: The merchandise in this case consists of certain music boxes, advisorily classified by the appraiser as crank-operated musical works designed as parts of toys or music boxes chiefly for the amusement of children.   The collector classified the merchandise at 70 percent ad valorem under paragraph 1513, Tariff Act of 1930, as toys, and parts of toys, not specially provided for.   The paragraph also contains a definition of toys as follows:

As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development.   The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

The plaintiff claims that the articles in question are properly dutiable at 20 percent ad valorem under paragraph 1541 (a), Tariff Act of 1930, and the Swiss Trade Agreement, T. D. 48093.   Paragraph 1541 (a), Tariff Act of 1930, so far as applicable to the merchandise herein reads as follows:

Par. 1541 (a) Musical instruments and parts thereof, not specially provided for  *  *  *  all the foregoing, 40 per centum ad valorem  *  *  *.

The trade agreement between the United States and Switzerland of February 15, 1936, T. D. 48093, removed music boxes from the general provision for musical instruments and reduced the duty thereon from 40 percent to 20 percent, the provision reading as follows:

1541 (a) Music boxes and parts thereof, not specially provided for___20% ad val.

At the trial of this case counsel for the plaintiff offered in evidence the record in the case of *Harry Goldman* v. *United States*, reported in Abstract 41565, and it was admitted without objection as the merchandise and the parties were the same and the issue was the same.   Thereupon the plaintiff rested.

On the record in the incorporated case the court held that the music boxes there in question were properly dutiable as toys.   Counsel for the plaintiff here contends that reconsideration of the issues in that case should be undertaken by the court herein, first, because the court in the incorporated case improperly weighed the evidence and, second, that the terms and provisions of the reciprocal trade agreement with Switzerland should be taken into account and construed jointly with the tariff provisions to which they relate, which was not done in the incorporated case.

A consideration of the evidence in the incorporated record is convincing that the court properly sustained the classification of the collector.   Where the

importer is not satisfied with the decision rendered the statute provides means for appeal to a higher tribunal. No appeal was taken in the incorporated case. The article in question in that case consisted of an imitation hurdy-gurdy with a shoulder strap attached which would adapt it to be worn by a small child, and possessed a very simple musical element which, when operated by a small hand crank, would emit elementary musical sounds. Clearly the sample is in itself a potent witness that the article is essentially a toy, and more evidence than that produced by plaintiff at the trial would be required to overcome the evidence of the Government and the presumption of correctness of the collector's classification.

In respect to the second contention it is argued that the specific provision for music boxes, not specially provided for, as part of the trade agreement, is more narrow and specific than the provisions in paragraph 1513 for toys or parts thereof, under which the merchandise was classified. The *eo nomine* provision for music boxes under the trade agreement fails to change the situation, because the toy paragraph, *supra*, specifically provides that the rates in said paragraph shall apply to articles covered thereby whether or not more specifically provided for elsewhere in the act.

It is also stressed by counsel for the plaintiff that when any court is satisfied that a mistake or error was made in an earlier decision the rule of *stare decisis* should be held inapplicable. To substantiate such contention, it is asserted that it is the practice of the courts to reverse their decisions upon the same record and certain cases of this court and the Court of Customs and Patent Appeals are cited as illustrations. The two cases cited as having been decided by this court relate to a decision on rehearing, and the two cases of our appellate court, it is interesting to note, relate to entirely different articles. The earlier case referred to involves fuller's earth, while the latter case involves a flavoring for food which was a rehearing of a former decision in the same case.

The Government contends that the controversy herein is governed by the rule of *stare decisis* and the judgment rendered in the prior case is controlling of the present litigation; and that in order to be freed from *stare decisis* new evidence should have been produced justifying the reversal of the previous ruling.

A consideration of the evidence in the incorporated record is convincing that the court properly sustained the classification of the collector. Even were we of the opinion that the court had erred in said decision, the record presented here leaves the court no choice but to follow the holding in the previous case, under the *stare decisis* rule.

Judgment will therefore be entered in favor of the Government.